CURTICE V. SCOVEL.

A judgment entered by confession on an arbitration note for £20
conditioned to perform an award, is void.

WRIT OF ERROR, complaining of a judgment of a justice
upon a note for £20, entered upon the confession of said
Curtice, in favor of said Scovel, in words following, viz.
September 11th A. D. 1790 at a court holden in said Col-
chester, Joseph Isham, jr. justice of the peace for New
London county present, appeared David Scovel of said Col-
chester, Joseph Isham, jr. justice of the peace for New
said James should confess a judgment against himself for the
sum of £20 lawful money, due to the said David by note
dated September 11th A. D. 1790, and accordingly said
James did confess judgment for the sum due on said note to
the said David; thereupon it is considered by the court, that
said David should recover of said James the sum of £20
lawful money debt and that execution issue accordingly.
Execution granted September 14th A. D. 1790; which note
is in the words following, viz. For value received I promise
to pay David Scovel £20 lawful money on demand, Septem-
ber 11th 1790, James Curtice; that said justice has granted an
*alias* execution on said judgment, dated 26th of February
A. D. 1791, on which is indorsed, that the sum of £1 5s. 9d.
is canceled by the award of arbitrators. And the plaintiff
says that said note was executed and said judgment rendered
thereon, for the sole purpose of obliging the said James to
abide the award of said Justice Isham and Mr. William Hub-
bard, arbitrators between the parties, and is without the juris-
diction of said justice and void: that no sum was then settled
and agreed to be due, but the whole was subject to a future
contingency, viz. the award of said arbitrators, and by this
means a party would be without remedy in the law let the
arbitrators be ever so corrupt, or the award ever so erroneous
and mistaken in point of law or fact; that said arbitrators did
not proceed according to their submission, but admitted illegal
evidence in said cause, etc. wherefore and for other reasons
apparent in the record the plaintiff in error prays said erro-
neous judgment may be reversed, annulled and set aside.

This writ of error was directed by the chief judge of the Superior Court, who signed it, to John Francis of Wethersfield to serve and return, etc. And the said John Francis gave bond for the plaintiff at the praying out of said writ that he should prosecute the same, etc. and said writ was served on the defendant in error by said John Francis.

To which the defendant in error plead in abatement, that said John Francis, to whom this writ is directed, as an indifferent person to serve, and by whom only it was served, was bondsman for the plaintiff at the praying out of said writ and thereby he became interested in said cause, so that by law he had not right to serve it. Demurrer to the plea.

Judgment — That the plea is insufficient; that it had been an immemorial practice for sheriffs, etc. to give bonds for plaintiffs at praying out of their writs, and their service of them ever been held good. See Town of Windham v. Town of Hampton, March Term, A. D. 1790. If there is any irregularity or defect in the service, advantage may be taken of it; but here is no complaint but what the service and return is well and properly made.

The defendant in error then plead specially and traversed all the irregularities in the proceedings of said arbitrators, complained of in the writ of error; to which the plaintiff demurred.

Judgment of the court — That the plea is insufficient and that the judgment complained of is manifestly erroneous.

By the Court. Arbitration notes, or notes given to bind a party to abide an award of arbitrators are not notes for the payment of money only — consequently it is now settled by a series of uniform decisions, that such notes although vouched by two witnesses, if for more than £4 are not within the jurisdiction of a single minister of justice to try; if for more than £20 they are appealable to the Superior Court. Such notes therefore are not evidence of a subsisting debt, and such was the note in the present case, made and delivered into the hands of the justice, who was one of said arbitrators, with the plain-

tiff's confession upon it; not that there was then anything due upon the note, but it was for the sum which should thereafter become due by the award of said arbitrators, if anything should be found against him.

This is not such a debt, nor such a confession of a debt, as the statute contemplates and authorizes a justice to make a record of. The whole proceedings are *coram non judice*, and void. Besides it is an illegal method to prevent a party from getting redressed at law against an award, however corrupt and erroneous it may be.